[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This is an action for foreclosure of a mechanic's lien. There is no question but that plaintiff did furnish material for the construction by the defendant of a house; that defendant has not paid all of the invoices rendered; and that the plaintiff gave timely notice of intention to claim a lien and properly filed a mechanics lien.
The main thrust of the defendant's defense is twofold; that he had ordered a door precut to receive a lock, the door was delivered without being precut and he was put to expense to cut the door; also that after ordering a set of stairs he had cancelled the order but they were delivered anyway and he was charged for same. As to precutting the door, I find as fact that CT Page 2709 he informed the plaintiff that he intended to install a special lock; that to cut the door to receive that lock it was necessary to have an appropriate template; that he did not furnish the plaintiff with the template and that made it impossible to precut the door. As to the stairs, I accept the testimony of plaintiff's witness that no notice of cancellation was ever received and that stairs are a custom job that cannot be returned. Further, the defendant testified that the reason he wanted to cancel was because it would take several months to make delivery whereas in fact the stairs were ordered on November 15, 1987, completed on November 29, and delivered and billed on October 1.
The defendant also counterclaimed alleging that because the door was delivered without being precut, he was unable to lock it and thereby secure the house and as a result, the house was burglarized and various valuable items stored in it were stolen. Yet he admitted that even before the door was delivered, he secured the house by nailing plywood to the door frame and he offered no explanation as to why he didn't continue that procedure. It is also of interest that he offered no evidence as to the value of the items claimed to have been stolen and he did not report the alleged burglary to the police. I am forced to conclude that he has completely failed to meet his burden of proof as to the counterclaim.
Prior to doing business with the plaintiff, the defendant entered into a purchase agreement with it. That agreement provides for a late payment charge on any account outstanding over 30 days of 1-1/2% per month and also provides that if the account is referred for allocation, he would pay costs of collection including an attorney's fee of 20%
I find that the balance due the plaintiff on January 31, 1988 was $6,815.17; that late payment charges of $3,122.94 have accrued; that the account was referred for collection and an attorney's fee of $3,445.16 is in accord with the agreement for a total debt of $13,383.27. The charge of the appraiser was $800 which I find to be reasonable and the same may be included in the plaintiff's bill of costs.
The fair market value of the property is $250,000. With a value such as that and no evidence as to prior encumbrances, I feel justified in assuming that the defendant has a significant equity in the property. Accordingly, I set his law day at February 5, 1991.
Judgment for the plaintiff on both the complaint and counterclaim may enter in accordance with the foregoing.
J. HEALEY, STR CT Page 2710